1  Gregory Peacock, Esq. (SBN 277669)
   **LAW OFFICE OF GREGORY PEACOCK**
2  4063 Birch Street, Suite 100
   Newport Beach, CA 92660
3  P: (949) 292-7478
   Email: gregorypeacockesq@gmail.com
4
   Whitney J. Betts, Esq. (SBN 272584)
5  **BETTS LAW GROUP PC**
   4455 Morena Blvd., Ste. 210
   San Diego, CA 92117
6  P: (858) 201-2424 / F: (858) 544-2424
   Whitney@bettslawgroup.com
7
   *Attorneys for Plaintiff JANE DOE*
8

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  **JANE DOE,** | Case No.: |
| 14                          Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| 15           **v.** | 1. Excessive / Unreasonable Force (U.S. Const. Amend. 4); |
| 16 | 2. Unreasonable Seizure (U.S. Const. Amend. 4); |
| 17  **CITY OF ANAHEIM; CARLOS ROMERO; and DOES 1 through 10, inclusive,** | 3. Deprivation of Due Process (U.S. Const. Amend. 14); |
| 18                          Defendant. | 4. Municipal Liability (*Monell* Liability) For Failure to Train and/or Discipline Deputies and Officers (U.S. Const. Amends. 4 & 14); |
| 22 | 5. Violation of California Civil Code section 52.4 (Gender Violence); |
| 23 | 6. Violation of California Civil Code section 51.7 (The Ralph Civil Rights Act); |
| 26 | 7. Violation of California Civil Code section 52.1 (The Bane Civil Rights Act); |
| 28 | 8. Violation of California Civil Code section 1708.5(Sexual Battery); |

9. Battery (California Law);
10. Negligence (California Law);
11. Intentional Infliction of Emotional Distress (California Law)

COMES NOW Plaintiff, JANE DOE and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.    As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.    As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.    As Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff's federal question claims, this court has jurisdiction over the Plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

4.    Plaintiff has complied with the California Tort Claim Act. Plaintiff timely submitted her claim for damages for to the City of Anaheim and timely filed this lawsuit after the City of Anaheim denied Plaintiff's claim.

## GENERAL ALLEGATIONS

5.    Plaintiff JANE DOE ("PLAINTIFF), is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. PLAINTIFF has filed this matter using a pseudonym to preserve her privacy in this matter, which is of a highly personal and sensitive nature, as well as to protect herself from harassment, injury, ridicule, and/or personal embarrassment.

6.    Defendant City of Anaheim, hereinafter also referred to as "CITY",

is a municipal entity located in the State of California, within the territorial jurisdiction of this court.

7.    Defendant Carlos Romero, hereinafter also referred to as "ROMERO" is and at all times complained of herein, was, a peace officer, a police officer, employed by the Anaheim Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course and within the scope of his employment with Defendant CITY.

8.    Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Anaheim Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9.    At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Anaheim Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

10.    Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Anaheim Police Department and/or defendant City of Anaheim, who are in some substantial way

liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Anaheim Police Department for, *inter alia*,: 1) using excessive force upon persons; 2) for unreasonable seizures persons; and 3) covering up tortious conduct by Anaheim Department peace officers.

11.   At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Anaheim Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

12.   At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Anaheim Police Department and/or otherwise with defendant CITY[1].

13.   Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend her complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

/ / /

---

[1] Such as a CITY executive officer.

**COMPLAINT FOR DAMAGES**

14. In addition to the above and foregoing, Defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of her federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

15. Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

16. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

## FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights
### Excessive / Unreasonable Use of Force on Person
### (Against Defendants ROMERO and DOES 1 through 6, inclusive)

17. Plaintiff hereby reallege and re-incorporate by reference the allegations set forth in paragraphs 1 through 16 inclusive, above, as if set forth in full herein.

18. On May 19, 2023, PLAINTIFF was at an In-N-Out Restaurant located near Orange Avenue and Brookhurst Street in the City of Anaheim, California.

19. PLAINTIFF was in the drive-thru at the In-N-Out Restaurant when she noticed an Anaheim Police Department officer who was looking at her. At the time, PLAINTIFF did not know the officer, but now knows that the officer was Defendant ROMERO.

20. While PLAINTIFF was still in the drive-thru line, ROMERO looked at PLAINTIFF and smiled.

21.   The following day, May 20, 2023, PLAINTIFF received a Facebook "friend request" from ROMERO.

22.   PLAINTIFF sent a Facebook message to ROMERO asking if he was the officer at In-N-Out. ROMERO confirmed that he was and told PLAINTIFF that he got her name and information by running her license plate.

23.   ROMERO asked PLAINTIFF for her phone number and PLAINTIFF gave it to him. PLAINTIFF figured it couldn't hurt to be in the good graces of a police officer in the area.

24.   ROMERO then began sending PLAINTIFF text messages.

25.   PLAINTIFF made it clear to ROMERO that she was not interested in starting a romantic relationship.

26.   Over the next few months, ROMERO would occasionally text PLAINTIFF and then come over to her home, while on duty. PLAINTIFF consented to kissing ROMERO while he was at her home but denied his requests for sexual intercourse.

27.   On September 25, 2023, ROMERO sent a text message to PLAINTIFF asking if he can go to her home.

28.   ROMERO called PLAINTIFF again asking to come over. PLAINTIFF told ROMERO that he could come over, but she made it clear to him that she was having a bad day. She added that if he was coming over for sex, he should not come.

29.   ROMERO then drove to PLAINTIFF's home in his Anaheim Police Department vehicle. ROMERO was in full Anaheim Police Department uniform and was on-duty.

30.   While at PLAINTIFF' home, ROMERO began kissing PLAINTIFF and ultimately began performing oral sex on PLAINTIFF. All of which PLAINTIFF consented to.

31.   ROMERO roughly and suddenly digitally penetrated PLAINTIFF, which she expressed hurt and called ROMERO a "brat."  ROMERO responded and then pulled his pants down and suddenly inserted his penis inside of PLAINTIFF' vagina.

1   PLAINTIFF repeatedly told ROMERO, "No" and said his name to get ROMERO to
2   stop as he was forcing intercourse with her. PLAINTIFF was eventually able to push
3   ROMERO off of her. ROMERO then forcefully grabbed on to PLAINTIFF and
4   forced her to perform oral copulation upon him. At no time did PLAINTIFF consent
5   to ROMERO having sexual intercourse with her or performing oral sex upon him.
6   PLAINTIFF made it very clear, prior to and during the forced intercourse, that she
7   did not consent to have sexual intercourse with ROMERO. At all times during these
8   events ROMERO's gun was on the top cushion of PLAINTIFF's couch, in full view
9   of PLAINTIFF and within reach of ROMERO. PLAINTIFF was terrified and fearful
10  for her life. She just wanted ROMERO to leave.

11      32.   The actions of Defendant ROMERO, as complained above herein,
12  constituted a violation of Plaintiff's rights under the Fourth Amendment to the United
13  States Constitution to be free from the use of unlawful and unreasonable and
14  excessive force upon her person.

15      33.   As a direct and proximate result of the actions of Defendant ROMERO,
16  Plaintiff was: 1) substantially physically, mentally and emotionally injured; 2)
17  incurred medical and psychological costs, bills and expenses, 3) incurred lost wages
18  and profits, and 4) suffered terrible physical injury, pain and suffering, as well as
19  mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and
20  profits; all in an amount to be proven at trial; in excess of $7,000,000.00.

21      34.   The actions of said defendants, and each of them, as complained of herein,
22  were committed maliciously, oppressively and in reckless disregard of Plaintiff's
23  constitutional rights, sufficient for an award of punitive / exemplary damages against
24  said defendants, save CITY, in an amount to be proven at trial, in excess of
25  $3,000,000.00.

26  ///
27  ///
28  ///

**COMPLAINT FOR DAMAGES**

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights**
**Unlawful / Unreasonable Seizure of Person**
**(Against Defendants ROMERO and DOES 1 through 6, inclusive)**

35.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34, inclusive, above, as if set forth in full herein.

36.   As complained of herein above, Defendant ROMERO seized PLAINTIFF in an unreasonable manner when ROMERO sexually assaulted / battered PLAINTIFF.

37.   Accordingly, the seizure of Plaintiff by Defendant ROMERO by sexually assaulting / battering her, constituted an unlawful and unreasonable seizure of Plaintiff, in violation of her right to be free from unreasonable force under the Fourth Amendment to the United States Constitution.

38.   As a direct and proximate result of the actions of Defendant ROMERO as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $7,000,000.00.

39.   The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $3,000,000.00.

/ / /

/ / /

/ / /

/ / /

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourteenth Amendment Rights**
**Deprivation of Due Process**
**(Against Defendants ROMERO and DOES 1 through 6, inclusive)**

40.   Plaintiff hereby realleges and incorporates by reference by allegations set forth in paragraphs 1 through 39, inclusive, above, as if set forth in full herein.

41.   Defendant ROMERO intentionally sexually assaulted and battered PLAINTIFF in a manner that was shocking to the conscience.

42.   Said sexual assault and battery of PLAINTIFF caused PLAINTIFF to suffer injuries.

43.   Accordingly, the sexual assault and battery of PLAINTIFF by Defendant ROMERO constituted of violation of Plaintiff's Fourteenth Amendment rights.

44.   As a direct and proximate result of the actions of Defendant ROMERO as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress; 4) incurred medical and psychological costs, bills and expenses and 5) incurred other special and general damages and expenses in an amount to be proven at trial; in excess of $7,000,000.00.

45.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth and Fourteenth Amendment Rights**
**Municipal Liability (*Montell Liability*) for Failure to Train and / or Discipline Deputies and Officers**
**(Against Defendant CITY)**

46.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45, inclusive, above, as if set forth in full herein.

47.   As complained of herein above, the acts of Defendant ROMERO deprived Plaintiff of her rights under the laws of the United States and The United States Constitution.

48.   The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted Plaintiff, including training on using their position of power and sexual assault / battery.

49.   CITY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

50.   The failure of CITY to provide adequate training caused the deprivation of Plaintiff's rights by Defendant ROMERO.

51.   CITY's failure to train is closely related to the deprivation of Plaintiff's rights as to be the moving force that ultimately caused Plaintiff's injuries.

52.   As a direct and proximate result of the actions CITY, complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $7,000,000.00.

## FIFTH CAUSE OF ACTION
### Gender Violence Under California Law
### (Cal. Civ. Code § 52.4)
### (Against Defendant ROMERO and DOES 1-6, inclusive)

53.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52, inclusive, above, as if set forth in full herein.

54.   By doing the things alleged above, Defendant ROMERO acted with violence, coercion, and intimidation against Plaintiff, and violated her rights under California Civil Code section 52.4, subdivision (c). Defendant ROMERO and DOES 1 through 6, inclusive, violated Plaintiff's rights under California Civil Code section

1  52.4, subdivision (c) because Plaintiff is a woman, and as a means to degrade,

2  demean, and denigrate the female sex.

3      55.   As a legal result of the gender violence, Plaintiff suffered damages, and

4  will continue to suffer damages, including but not limited to, past and future medical

5  expenses, pain, suffering, emotional distress, mental anguish, and embarrassment.

6      56.   Defendants ROMERO and DOES 1 through 6, inclusive, are liable to

7  Plaintiff for said violations of her constitutional rights, pursuant to California Civil

8  Code §52.4, and California Government Code §§815.2(a), 815.6, 820, 820.8.

9      57.   As a direct and proximate result of the actions of Defendants ROMERO as

10 complained of herein, Plaintiff: 1) was substantially physically, mentally and

11 emotionally injured; 2) suffered great mental and emotional pain, suffering and

12 distress, 4) incurred medical and psychological costs, bills and expenses and 3)

13 incurred other special and general damages and expenses in an amount to be proven

14 at trial which is in excess of $7,000,000.00.

15     58.   The actions of Defendants ROMERO and DOES 1 through 6, inclusive, as

16 complained of herein, were committed maliciously, oppressively and/or in reckless

17 disregard of Plaintiff's constitutional rights sufficient for an award of punitive /

18 exemplary damages against all defendants, save for defendant CITY, in an amount to

19 be proven at trial, in excess of $3,000,000.00.

20     59.   In addition, as a result of the actions of Defendants ROMERO and DOES 1

21 through 6, inclusive, as complained of herein, constituted a violation of California

22 Civil Code § 52.4, and, therefore, Plaintiff is entitled to an award of treble

23 compensatory damages against said defendants, and each of them.

24     60.   Plaintiff is also entitled to attorneys' fees and costs pursuant to California

25 Civil Code section 52.4, subdivision (a).

26 / / /

27 / / /

28 / / /

**COMPLAINT FOR DAMAGES**

1
2
3

## SIXTH CAUSE OF ACTION
### Violation of The Ralph Civil Rights Act Under California Law
### (Cal. Civ. Code § 51.7)
### (Against All Defendants)

4    61.   Plaintiff hereby realleges and incorporates by reference the allegations set

5   forth in paragraphs 1 through 60, inclusive, above, as if set forth in full herein.

6    64.   At all times mentioned herein, Plaintiff had the right to be from any

7   violence, or intimidation by threat of violence, committed against her person on

8   account of her sex.

9    65.   As alleged above, ROMERO subjected Plaintiff to violence, and/or

10   intimidation by threats of violence, against her person on account of her sex.

11    66.   In so doing, ROMERO violated the civil rights of Plaintiff, as set forth in

12   the Ralph Civil Rights Act, which is codified in Civil Code § 51.7.

13    67.   In failing to protect Plaintiff from ROMERO's aforementioned conduct

14   and, instead, refusing to do anything to protect Plaintiff from the conduct to which

15   CITY subjected Plaintiff by virtue of their failure to properly hire, supervise, train or

16   retain ROMERO, CITY aided, incited and/or conspired in ROMERO's violation of

17   Civil Code § 51.7, which itself is actionable as a violation of Civil Code § 51.7

18   pursuant to Civil Code § 52.

19    68.   The foregoing conduct of defendants individually, or by and through their

20   managing agents, was intended by the defendants to cause injury to the Plaintiff or

21   was despicable conduct carried on by the defendants with a willful and conscious

22   disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in

23   conscious disregard of Plaintiff's right to be free from violence, or intimidation by

24   threat of violence, such as to constitute malice, oppression, or fraud under Civil Code

25   § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to

26   punish or make an example of defendants.

27    69.   As a direct and proximate result of the actions of Defendants ROMERO as

28   complained of herein, Plaintiff: 1) was substantially physically, mentally and

1  emotionally injured; 2) suffered great mental and emotional pain, suffering and
2  distress, 4) incurred medical and psychological costs, bills and expenses and 3)
3  incurred other special and general damages and expenses in an amount to be proven
4  at trial which is in excess of $7,000,000.00.

5      70.   The actions of Defendants ROMERO as complained of herein, were
6  committed maliciously, oppressively and/or in reckless disregard of Plaintiff's
7  constitutional rights sufficient for an award of punitive / exemplary damages against
8  all defendants, save for defendant CITY, in an amount to be proven at trial, in excess
9  of $3,000,000.00.

10      71.   In addition to and/or in lieu of Plaintiff's election, Plaintiff is entitled to
11  receive and hereby seek statutory damages pursuant to Civil Code § 52(b), including
12  actual and exemplary damages, as well as a civil penalty pursuant to Civil Code §
13  52(b)(2) of $25,000.

14      72.   Pursuant to Civil Code § 52(b)(3), Plaintiff requests an award of attorneys'
15  fees in prosecuting this action.

16  ### SEVENTH CAUSE OF ACTION
**Violation of The Bane Civil Rights Act Under California Law**
17  **(Cal. Civ. Code § 52.1)**
**(Against All Defendants)**
18

19      73.   Plaintiff hereby realleges and incorporates by reference the allegations set
20  forth in paragraphs 1 through 72, inclusive, above, as if set forth in full herein.

21      74.   The actions of Defendant ROMERO as complained of herein, interfered
22  with, and/or attempted to interfere with, by use of threats, intimidation, and coercion,
23  the exercise or enjoyment by PLAINTIFF of the rights secured to her by the
24  Constitution and laws of the United States, and of the rights secured to her by the
25  California Constitution and otherwise by California law, in violation of California
26  Civil Code §52.1.

27  / / /
28  / / /

75.   Defendant ROMERO is liable to PLAINTIFF for said violations of her constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

76.   As a direct and proximate result of the actions of Defendant ROMERO as complained of herein, PLAINTIFF: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $7,000,000.00.

77.   The actions of Defendant ROMERO as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against all defendants, save for defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

78.   In addition, as a result of the actions of Defendant ROMERO as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, PLAINTIFF is entitled to an award of treble compensatory damages against said defendants, and each of them.

## EIGHTH CAUSE OF ACTION
### Sexual Battery Under California Law
### (Cal. Civ. Code § 1708.5)
### (Against ROMERO and DOES 1 through 6, inclusive)

79.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 78, inclusive, above, as set forth in full herein.

80.   Defendant ROMERO committed a sexual battery upon PLAINTIFF.

81.   Defendant ROMERO intended to cause a harmful contact with PLAINTIFF and a sexually offensive contact with PLAINTIFF resulted directly and/or indirectly.

82.   Defendant ROMERO caused an imminent fear of a harmful or offensive contact with PLAINTIFF, and a sexually offensive contact with PLAINTIFF resulted directly or indirectly.

83.   PLAINTIFF did not consent to forced sexual intercourse and oral copulation PLAINTIFF was harmed by the acts.

84.   As a direct and proximate result of the actions of Defendant ROMERO, PLAINTIFF was: substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) incurred lost wages and profits, and 4) suffered terrible physical injury pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $7,000,000.00.

85.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award for punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00, save CITY.

### NINTH CAUSE OF ACTION
**Battery**
**Under California State Law**
**(Against ALL Defendants[2])**

86.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 85, inclusive, above, as if set forth in full herein.

87.   The actions committed by ROMERO constituted the unjustified, non-consensual, sexual battery and violence upon PLAINTIFF, and, therefore, constituted a battery by said above-referenced defendant officers under California state law.

88.   As a direct and proximate result of the actions of Defendant ROMERO, PLAINTIFF was: 1) substantially physically, mentally and emotionally injured, and

---

[2] Against CITY via *respondeat superior* only.

1  suffered great physical, mental and emotional pain and suffering; 2) incurred medical
2  and psychological costs, bills and expenses and 3) incurred other special and general
3  damages, including attorney's fees, bail costs and other associated costs and
4  expenses; all in an amount to be proven at trial in excess of $7,000,000.00.

5      89.   The actions by said defendants were committed maliciously and
6  oppressively and constituted despicable conduct; sufficient for an award of punitive /
7  exemplary damages against all defendants and each of them, save Defendant CITY,
8  in an amount to be proven at trial in excess of $3,000,000.00.

9                      **TENTH CAUSE OF ACTION**
                              **Negligence**
10                      **Under California State Law**
                      **(Against ALL Defendants[3])**
11

12     90.   Plaintiff hereby realleges and incorporates by reference the allegations set
13  forth in paragraphs 1 through 89, inclusive, above, as if set forth in full herein.

14     91.   As shown above, ROMERO owed a duty to refrain from sexually battering
15  against PLAINTIFF.

16     92.   As shown above, ROMERO breached his duty of care to PLAINTIFF by
17  failing to refrain from sexual battery against PLAINTIFF.

18     93.   Accordingly, the actions committed by Defendant ROMERO, as
19  complained of herein, constituted a breach of defendants' duty to use due care toward
20  Plaintiff under California State Law; negligence.

21     94.   As a direct and proximate result of the actions of defendants, PLAINTIFF:
22  1) was substantially physically, mentally and emotionally injured; 2) suffered great
23  mental and emotional pain, suffering and distress, 4) incurred medical and
24  psychological costs, bills and expenses and 3) incurred other special and general
25  damages and expenses in an amount to be proven at trial which is in excess of
26  $7,000,000.00.

27

28  _____

[3] Against CITY via *respondeat superior* only.

**COMPLAINT FOR DAMAGES**

# ELEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### Under California State Law
### (Against All Defendants)

95.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 94 inclusive, above, as if set forth in full herein.

96.   Defendant CITY is vicariously liable for the intentional infliction of emotional distress of ROMERO.

97.   The actions of ROMERO, described above, were cruel, outrageous, oppressive, and designed to and known to cause PLAINTIFF severe substantial emotional distress, which has manifested in physical discomfort, pain and suffering to Plaintiff.

98.   The actions of the individual Defendant ROMERO were intentional, unjustified, reprehensible, and a breach of any concept of trust, and as such they are oppressive, malicious, and fraudulent, authorized and ratified, which entitles Plaintiff to the imposition of punitive damages.

99.   As a direct and proximate result of the actions of Defendant ROMERO, Plaintiff was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, 5) suffered the loss of comfort and society and familial relationship and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $7,000,000.00.

100. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

# PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF JANE DOE prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $7,000,000.00;

b) Treble damages;

c) Statutory damages;

d) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $3,000,000.00;

e) For an award of reasonable attorney's fees and costs;

f) For a trial by jury; and

g) For such other and further relief as this honorable court deems just and equitable.

DATED: July 8, 2024                    **LAW OFFICE OF GREGORY PEACOCK**


By:   */S/ Gregory Peacock*
      Gregory Peacock, Esq.
      *Attorneys for Plaintiff, JANE DOE*


DATED: July 8, 2024                    **BETTS LAW GROUP PC**


By:   /S/ Whitney J. Betts
      Whitney J. Betts, Esq.
      *Attorneys for Plaintiff, JANE DOE*

**COMPLAINT FOR DAMAGES**